Good morning, your honors. I'm John Evangelisti. I represent Michelle Gooden in this appeal. This is an appeal from a Merit Systems Protection Board decision which affirmed the decision of OPM which denied Ms. Gooden medical retirement benefits. The issue presented is whether a request for reasonable accommodation under the Rehabilitation Act is a prerequisite to proving that an applicant for medical retirement cannot do a job even with reasonable accommodation. Ms. Gooden was a letter carrier for 19 years. She became disabled from letter carrying due to degenerative disc disease. After a year on light duty, she was terminated for absence. Mr. Evangelisti, I think both sides agree that there should be a remand in this case, right? Both you and the government agree that there should be a remand? It's really the scope of the remand order that you're arguing about? If we agree with you that it should be remanded, what's the scope? What should the MSPB be looking at? Remand reversed with directions to award Ms. Gooden medical retirement based on the findings of the Merit Systems Protection Board. On what basis? Two issues. One is the issue of reasonable accommodation. The Administrative Law Judge found that Ms. Gooden was unable to perform the essential duties of her job of letter carrier. That's the standard for reasonable accommodation under Bracey. If you cannot perform the essential functions of your job, you cannot be accommodated under the Rehabilitation Act. The Administrative Law Judge found that Ms. Gooden was limited to sedentary work. He also found that the appellant never requested any accommodation by the agency. Is that correct? That's correct, but that begins to back up into the merits of the case with respect to argument as opposed to what happens upon a remand. She wasn't required to fill out that form. She was given a form that said, Would you like to apply for reasonable accommodation, which is your right as an employee, under the Rehabilitation Act? Of course, she had been terminated, so she had no employee rights under the Rehabilitation Act. Or, in the alternative, would you like to proceed with your medical retirement application without delay? Ms. Gooden was out of work. She was disabled and couldn't work. She said, I'd like to proceed without delay. So that's the issue at the heart of the case, Your Honor. The Merit Board decision said that because she made this choice, she lost her right to have a decision on whether or not she could be reasonably accommodated. They grafted an extra element into the proof of this case. It's wrong. It wasn't a requirement for medical retirement. The form was basically a form to screen out Rehabilitation Act claims from employees that were leaving the job. So people were going out on medical retirement. The post office, the agency, didn't want them to say, Well, you didn't accommodate me and I'm going to sue you for failing to provide reasonable accommodation. This form had nothing to do with the medical retirement. In fact, the choice is, do you want to be evaluated for reasonable accommodation as an employee, which she was not? Or, do you want to proceed with your medical retirement? Ms. Gooden said, I want to proceed with medical retirement. The filing of her application put into issue the question, can you be reasonably accommodated in your job? The board said... So you're saying that there was no substantial evidence to support that position by the MSPB? No, it was ipso facto. You checked the wrong box on the form and although it appeared to be a choice, it was only one choice. Either you checked the box that said reasonable accommodation or you lose. You can never get disability retirement if you check the other box. It was no choice. It was a Hobson's choice. It was misleading. The second point is that if it is a prerequisite, OPM and the board needed to tell Ms. Gooden this is a prerequisite. If you don't check this box, you can't get medical retirement. This is a requirement of medical retirement. So it was grafted on and agencies breached the duty to inform her of the consequences and that this was an issue. The pre-hearing notice didn't raise this as an issue. The OPM decision didn't raise that as an issue. Nowhere were we informed. In fact, we were surprised when we got the decision to see that checking this form meant that she lost her eligibility for medical retirement. That was an impossible interpretation. That's because checking off that box she would be denying the accommodation issue. She would be saying that she did not want the accommodation. On the other hand, she was saying I do want my medical retirement evaluated. In my medical retirement, the issue is not whether I'm going to be accommodated on the job, but whether or not an offer could have been made to me. Theoretically, that would be the bar. She didn't say she didn't want medical retirement, and that's an element of medical retirement. That's the path she chose without an undue delay. Again, Your Honor, you have to address the fact she's not an employee. She doesn't work there. She had no right to accommodation under the Rehabilitation Act. She could have been put back to work. She couldn't have been reassigned. Check that box just meant that the application wasn't going to be processed. She was going to be out of work for a longer period of time, and the answer was going to be no. It's impossible. Well, even if she could have been accommodated, even if she had asked and she was still employed, she already knew that there were no positions in the craft, and the only position that they perhaps offered her was outside the commuting area, which is in violation of the statute. Exactly. A sedentary letter carrier is an oxymoron. It's not sedentary work. It's impossible. By making its ruling, the merit board relieved the agency of any burden of proof whatsoever. The agency didn't claim that she could do her job, didn't claim she could be reassigned, didn't claim she could be accommodated, didn't contest the claim, but the board said, you don't have any burden of proof whatsoever. This is strict liability. This claim is dismissed. This couldn't and can't prove her claim. She doesn't even get to have a hearing or argue her case, but as you point out, Your Honor, the finding that she was limited to sedentary work means that she could not have been accommodated. There were no positions open. She wasn't required to change craft under Anthony v. OPM. If it was a requirement, she wasn't informed that it was a requirement, and under the Rehabilitation Act, she did everything that was required to request accommodation. She put the agency on notice in plain English. She told her supervisors she required accommodation. She asked for sedentary work. She filed a grievance when she was denied sedentary work. They placed her off work. They refused to give her full-time work. There was nothing further for her to do to perfect the claim under the Rehabilitation Act. I'd like to reserve my time. All right. Mr. O'Groat. May it please the Court, this Court should vacate the decision and remand to the board for proceedings consistent with DELFIC. The case really presents two issues, and the first issue has to be what the appropriate procedure for this Court to follow in the case of error by the Merit Systems Protection View. Ms. Goodman, in a reply brief, urges this Court to, in her terms, fashion an appropriate remedy in this case, and that is to reverse this decision below. This would require the Court to delve into the procedural and factual history of this case and make factual findings in the first instance. Under the Supreme Court's precedent, it's more appropriate for the trial tribunal in this case, and that is the MSPB, to address these cases in the first instance. We don't seek here to defend the decision below. We agree with Ms. Goodman that there is error. In our view, the question the Court first has to reach is, given that undisputed fact of what the appropriate procedure is in such a case, should this Court make findings in the first instance, or should the Court remand the case to the Board? In that regard, it's especially appropriate to consider the fact that this case involves a question in which the Board has had some difficulty resolving, and that is what to do in the case of an employee who, prior to final processing of a claim for disability retirement, is separated for cause. Now, the MSPB has, while this case was pending, decided the case addressing the procedure to use, and our view the case should be remanded in light of that decision. And that is, that would afford the MSPB the opportunity to decide the case under the appropriate legal standards that the MSPB has held that applies in such cases, and also to make the appropriate factual findings in this case, addressing Ms. Gooden's entitlement to disability retirement. There are certain factual findings... Well, they could have done that before. Absolutely. Why would we send her back to go through that process when this case also presented the same issue and they didn't decide it? Well, Your Honor, I think the decision below did not apply what the MSPB currently regards the appropriate standard to be applied in these cases. And the question is, does this court look to the evidence below, and that is the testimony, Ms. Gooden's testimony, and make factual findings and make a determination of whether she's eligible? We wouldn't have to make any determinations. The record is all one way, and you're not defending it. Well, I think you would, Your Honor, have to make findings. The question of accommodation, the board's finding specifically, OPM's finding in this case was that Ms. Gooden did not meet the burden to show that she couldn't be accommodated. The board specifically made a determination that she couldn't be accommodated. The medical evidence in this case shows that, by medical evidence, I mean the objective medical findings show a mild degenerative condition aggravated by what the physicians call morbid obesity. So the real question becomes, would accommodation have been possible under those conditions? And that question is not addressed in the board's decision. It was addressed by OPM. When we have matters of law, though, you are getting into the factual matters, and I agree with you, we wouldn't, that would not be our, we're not allowed to do that. But we have legal matters like whether or not reasonable accommodation applies to someone who is not any longer an employee, whether on the record that we see here, it would violate the statute to force her into a new commuting area or through a new crack in the statute that is very plain on its face, directed specifically to the Postal Service, that you cannot do that. With matters of law, that's what we have in front of us, and why wouldn't that be the end of the case? All the evidence is on the record. There's no dispute about her condition. It's all there, even her supervisors. Everybody said that she had the problem. They did what they could for her, and they couldn't do anything else. Well, actually, Ron, I think the record shows that the treating physicians and the OPM decision reference the fact that this case is somewhat unusual in the sense that the objective medical evidence was that there was a mild degenerative condition. This wasn't the case of x-rays showing some dramatic back problem or some severe trauma causing the disability. And that condition was exacerbated by the fact of morbid obesity. So the combination of a mild degenerative condition and morbid obesity made it very difficult for her to perform her duties as a letter carrier. Well, what is your position on the point you make that all of this is irrelevant because she was not an employee and therefore no longer being an employee could not be counted anymore? So that is a moot point. No, I don't believe it is, Your Honor, because the statute requires that the— that if the agency could have made reasonable accommodation absent the separation for cause, an individual becomes automatically entitled to disability retirement. There's still a question under this Court's precedent and under the MSP's precedent of whether accommodation was possible, and that's the question the Board would have to address. And the Board now has set up a legal framework for addressing this question in DELCIC. How about the form that the government presented to her saying, do you want to pass for an accommodation or would you like to continue with your application for disability retirement? And she says—she makes a choice. And now you're saying, well, you had to first ask for that accommodation. We don't say that. The Board did. Well, you're not defending that. We're not defending that. That's what it says. They're arguing that that— You don't agree with that. You think that's wrong. Well, that is a factual finding by the Board. We haven't argued for affirmance on that basis. We think the matter has to be remanded in light of DELCIC, and we think the entire proceedings would take a different— Why is it a factual matter? What? Why is it a factual matter? Because the question would be whether she, in fact, at the time, was intending to waive this. I don't believe there's any question of law. Ms. Gooden today has indicated that the execution of this form didn't constitute a waiver. The Board doesn't specifically describe any legal conclusions with regards to whether that constitutes a waiver, as a matter of fact. They held, in fact, it constitutes a waiver. We haven't sought to defend the Board's decisions on that basis. In our view, the matter should be remanded for a complete development of the underlying facts, which the Board, in our view, did not make in this case. What additional facts need to be developed? I think, really, the question becomes, in this case, Ronald, was accommodation under these circumstances possible? Well, but that's really conflating the fourth prong and the fifth prong, isn't it? The fourth prong is accommodation. The fifth prong is reassignment. And? The availability of a reasonable offer of reassignment. I think you're exactly right, Ronald. Page 19 of the Joint Appendix. The Board decision conflates those two issues. The last page of the Board decision, right? Yes, Your Honor. It's discussing the fourth and the fifth prongs. Together. Together. He said she declined the accommodation. Based on evidence of the record, I find that the felon was able to work an eight-hour day in a sedentary position. Is that a reassignment for a letter carrier? I can't explain. I've gone through the paragraph, Your Honor, to see whether the decision could be defended. In my view, it can't. And that's why we've urged to have the decision vacated and remanded. But you say it has to be sent back on the basis of Delsic. But in Delsic, there was a finding that the fifth requirement was stated plainly. There was evidence to support it. So why do we need to do that? Well, just because it's not clear in this case. The Board's reasoning and the factual finding is not clear in this case. The question of accommodation and reassignment. I agree there's evidence in the record in this case, which Ms. Goodman has pointed to, that would establish that it's extremely unlikely that reassignment was possible in this case. The Board, in our view, should make that finding and not this court in the first instance. That supposes that we have a conflict of evidence. There's no conflict of evidence. There's only one version there. They tried to send her to Littleton or someplace. That's outside the community area. That's in violation of the statute. There's nothing on the other side of it. I don't believe, Your Honor, there's an exception to the general proposition that the trial tribunal should be finding a basis of fact just because— It's an effect of stipulation. There's no other evidence there. I don't believe, Your Honor, that the testimony on an issue would constitute a stipulation in this case. The question becomes what tribunal in the first instance should make findings concerning accommodation and reassignment. In our view, the MSPB should do that in the first instance and not this court. The extensive briefing in this case and the detailed factual explanations of what transpired show really what this case is about, and that is an attempt to have this court in the first instance make these factual findings. We don't seek to defend the decision below. It's simply a question of who in the first instance makes the question of finding accommodation and who in the first instance makes the question of reassignment. In our view, that should be the Board and not this court. The factual issues in the case—in my view, the confusion, if you would, is evident at the last page of the Board's decision, which is page 15 of the Board's decision, in which these two issues are conflated. It's impossible, in our view, to find that there is— applicable criteria that would entitle her to disability retirement. And in our view, this requires remand, and it wouldn't be appropriate for the court to decide these two instances in the first instance. The mere fact that the Board erred in its analysis and didn't perform a complete factual analysis doesn't constitute an appropriate basis for this court to supplant the Board's role in making these findings in the first instance. That's especially true in this case when the Board has, while this case was appending, comprehensively addressed the question—the full Board has comprehensively addressed the question of what procedure to be utilized with regards to the fifth problem, and that is the reassignment, when there's a question— when the situation arises that an employee is separated for cause— excuse me—separated for cause prior to final processing of the claim for disability retirement. That's a legal question. That is a legal question. We're as capable of making that determination as they are. Well, what complicated the situation in this case was the fact that there was no proper certification by the Board, and what Delsig describes is the role the Board should play in such a case where the agency doesn't make the appropriate certification that would normally be done under a disability retirement claim because the employee has been separated for cause. For the reasons set forth in our brief and that I've outlined today, this Court should vacate the decision below and remand this case to the Merit Systems Protection Board. The Board—I was just going to conclude. The Court shouldn't accept Ms. Gooden's invitation to craft an appropriate remedy in this case. Thank you. Mr. Evangelisi. The Board didn't have difficulty deciding this case. The Board issued a summary affirmation of a bad decision by an administrative law judge that didn't pay attention to its business. That's what brings us here today. Well, your opponent is saying that you want us to take it upon ourselves to craft something. As I understand it, all you're asking for is for that to be reversed and an order to be entered that she gets her retirement payment. That's correct. You're going to craft about that. That's a statutory entitlement. The findings have been made. She's limited to sedentary work. She can't perform the essential duties of her job. The agency admits there was no position to which she could be assigned. There are no facts to be found. The agency wants you to leave the door open so that they can come in and make another legal argument that this form was an invitation to a waiver and bring a whole new legal argument and make Ms. Gooden go through the whole process again and bring us back here. That's what the agency is trying to do with respect to the posturing on the remand. They want a second bite at the apple on this case. DELCIC is not new law. It established a long existing precedent. With respect to reassignment, the statute is clear. You didn't decline a reassignment offer. Here none was made. When the agency doesn't certify, the evidence in support of this is nil. In DELCIC there was nothing to it. They just said, well, an offer wasn't made. The agency didn't make an offer here. Reassignment is a moot point or a red herring. Ms. Gooden has stenosis to the back. She has MRI findings. The reason we need something done here and why this goes to the heart of the administrative process is because many people are given this form as part of the disability retirement process. This form is doing great harm because the agency is using it as a reason not to certify reassignment efforts, not to certify accommodation efforts. OPM is using it as a basis to deny claims. These are people that are looking at this form. They're out of work. They're hurt. They're out of money. And the form says, would you like to proceed without delay? They say yes. They lose their cases. This goes to the heart of the administrative process. This practice and the use of this form needs to be condemned and stopped. It is doing great harm to the disability retirement program. Thank you, Your Honor. Thank you.